John S. Marsh, J.
The defendant has moved, in each of the above-captioned actions, for an order dismissing the complaint npon the ground that the facts set forth therein are insufficient, as a matter of law, to sustain any of the several causes of action alleged. The substance and material allegations of the complaints in each of the above-captioned actions are the same except for the element of damages and the same determination *856 of the merits will apply to all actions. These actions arise from a fire that occurred in the City of Niagara Falls on November 16, 1957, resulting in the multiple loss of life and injuries for which recovery by way of damages is sought herein against the defendant city. The deceased and injured were tenants of a building known as 2449 Allen Avenue, alleged to be a multiple residence, which burned during the nighttime on the date heretofore recited, trapping and killing many members of the Reid and Ewing families.
The actions to recover damages for wrongful death and personal injuries against the defendant each contain four causes of action asserted as the basis of liability against the defendant, which may be summarized as follows:
1. The city was negligent in that its servants, agents and employees permitted the owner of the building, one Dietz, to erect an addition to the building which shut off an exit, thereby depriving the tenants of means of escaping from the building during the fire, and that such act and omission constituted negligence because the Multiple Residence Law mandated two separate exits for multiple residences.
2. That the city was negligent in failing to enforce the Multiple Residence Law and permitting the owner to maintain a building not fit for human habitation which violated the provisions of the Multiple Residence Law and amounted to a nuisance, as defined therein.
3. That the defendant city was negligent in failing to compel or obtain compliance of the building involved with the provisions of the Multiple Residence Law and ordinances applicable thereto, with knowledge of the unsafe and hazardous conditions existing.
4. That the defendant city was negligent in that its employee and agent issued a permit for the erection of an addition to the building involved, which addition the city’s agent and employee knew would cut off an exit in an already dangerous building and that the aforesaid act of the defendant’s agent and employee was tortious, willful and unlawful.
In each of the four causes of action alleged, the plaintiffs claim that the wrongful acts and omissions complained of were causally related or contributed to the loss of life and injuries which resulted from the fire, and for purposes of this motion this permissible inference will be assumed. Assuming further the truth of the plaintiffs’ allegations and the most favorable inferences to be drawn therefrom, the defendant’s motion raises, squarely, two questions of law, the answers to which will deter *857 mine the sufficiency of the plaintiffs’ complaints. These issues of law may be stated as follows:
1. May a municipal corporation be held liable in negligence upon the theory of respondeat superior for the negligence of its officer or agent, here the Building Commissioner, in issuing a permit for the erection of an addition which blocked a required exit in violation of the Multiple Residence Lawl The answer to this question will decide the sufficiency of the allegations contained in the first and fourth causes of action in each complaint.
2. May a municipal corporation be held liable in negligence for the failure of its servants, agents and employees to enforce the provisions of law, particularly the Multiple Residence Law, applicable to the building involved, and for failure to abate and terminate the wrongful conditions existing which constituted a nuisance ? The answer to this question will dispose of the second and third causes of action alleged in each complaint.
The basis of liability asserted in the first and fourth causes of action is substantially the same. It appears to be the contention of the plaintiffs that under the doctrine of respondeat superior, as made applicable to governmental units by section 8 of the Court of Claims Act, the defendant should be held legally responsible for the alleged negligence of its Building Commissioner in issuing a permit for a structure, the erection of which resulted in the creation of an unlawful condition upon the building involved herein. On the other hand, it is the defendant’s contention that even if its officer and agent acted negligently and improperly in issuing such a building permit his act in so doing constituted the exercise of a quasi-judicial governmental function requiring the exercise of discretion and judgment by the officer involved and that as to this kind of governmental function the common-law rule of immunity of the sovereign was not waived or removed by enactment of section 8 of the Court of Claims Act.
It has been consistently recognized in this State that section 8 of the Court of Claims Act constitutes a waiver of immunity by governmental units, including a municipal corporation, only within those areas of governmental function wherein its acts and omissions are comparable and similar to those for which liability may be imposed upon a private individual or corporation. (See Steitz v. City of Beacon, 295 N. Y. 51, and cases cited therein.) In the performance of governmental functions involving determinations and actions which are discretionary and quasi-judicial in nature, as in the issuing of a building *858 permit, there is no comparable basis of liability applicable to private individuals and corporations. Therefore, urges the defendant, the issuance of a building permit constitutes an area of governmental function in which there has never been a waiver of the sovereign’s immunity and no liability may be asserted against the city under the theory of respondeat superior for any negligence on the part of its Building Commissioner.
The defendant’s contention finds strong support in principle in the cases of Steitz v. City of Beacon (supra) and Weiss v. Fote (7 N Y 2d 579) although the facts involved and the negligence charged in those cases are not of the same nature as are present herein. The case of Lockwood v. Village of Buchanan (18 Misc 2d 862) is a recent decision by the County Court of Westchester County which did involve exactly the same negligent act as asserted herein in the first and fourth causes of action; — the wrongful issuance by the municipality’s agent of a building permit. In a learned and exhaustively documented opinion the County Court, in that case, held that the issuance of a building permit was a governmental function requiring the exercise of discretion and judgment of a quasi-judicial nature; that it involved an area of activity not within the scope of the activity of private persons or corporations and hence the village could not be held to have waived its immunity in the discharge of this peculiar governmental function and was not liable for any negligence committed therein by its Building Inspector.
Counsel for the plaintiffs has been unable to submit, nor has the court’s own research brought to light, any authorities which meet or explain the force and effect of the judicial reasoning and decisions which uphold the defendant’s contention herein that it has not waived its governmental immunity for the acts or omissions of its agent in the performance of a governmental function, such as the issuance of a building permit, which involves discretionary judgment and is quasi-judicial in nature. Accordingly, the court has concluded that the first and fourth causes of action seeking to charge the city with liability for the negligent issuance of a building permit cannot be sustained because its common-law immunity in the exercise of this peculiar quasi-judicial governmental function was not waived or removed by section 8 of the Court of Claims Act.
As to the second and third causes of the action, the question is whether a municipality may be held liable for its failure to abate a nuisance and to enforce the provisions of law applicable to a multiple residence building to those persons injured or killed by reason of the unlawful condition permitted to exist. In Opinion No. 7,401 the State Comptroller, in 1955, made an *859 administrative ruling that no civil liability exists to individuals because of a municipality’s failure to enforce the provisions of the Multiple Residence Law. (11 Op. St. Comp., 1955, p. 373.) The case of Steitz v. City of Beacon, heretofore cited, was referred to by the Comptroller as authority for the opinion given.
A more controlling authority for the city’s freedom from liability to the plaintiffs herein, for any failure to abate a nuisance arising out of violations of the Multiple Residence Law, is found in the recent decisions of Rivera v. City of Amsterdam (5 A D 2d 637) and Motyka v. City of Amsterdam (7 AD 2d 760). Both actions arose out of a fire in a multiple residence which was caused by a defective oil heater, the use of which violated the Multiple Residence Law. The defendant city knew, or was chargeable with notice of the violation of law, and failed to take steps to correct the condition or prevent the continuance of the violation.
In affirming the dismissal of the action, at the close of the plaintiff’s proof in the Rivera case, the Appellate Division, in an opinion by Justice Bergah", said (pp. 637-638):
11 The theory of action against the city is that the fire of February 1, 1955 was caused by a defective oil heater; that the city had knowledge six weeks earlier that the oil heater was defective and failed to follow up its knowledge to require correction of the defect or prevent the use of the heater; and that this failure actively to see to it that the defect was corrected incurred a liability under section 303 of the Multiple Residence Law.
‘1 This section in substance requires that the provisions of the Multiple Residence Law shall be enforced by the appropriate city officer or department; and appellant argues that since the defective heater was a thing ‘ dangerous or detrimental to human life ’ within section 305 it should have been ‘ abated ’ or 1 enjoined in the manner prescribed by the Public Health Law ’ ; and not having done this, the city became liable for the damages sustained in the fire.
“No liability is cast upon public authority by the Multiple ■ Residence Law for private damage resulting from failure to enforce its directory provisions. The language of the statute, indeed, seems to suggest that the usual means of enforcement to be expected would be by resort by the city officers to judicial process.
“ The failure to comply with an order to remove a violation is made a misdemeanor of which ‘ Courts of special sessions shall have exclusive jurisdiction ’ (§ 304, subd. 1); and the abatement *860 or injunction against nuisances provided in section 305 envisages resort to judicial process.
‘ ‘ Proceedings by public authority in a court to enforce statute law is in the nature of a governmental function, the failure of which is not actionable on behalf of a private person suffering damage.
“ In this respect the duty of the city to act to enforce provisions of the Multiple Eesidencc Law is quite similar to the duty to provide adequate police protection, the failure of which was held not to be actionable in Murrain, v. Wilson Line (270 App. Div. 372, affd. 296 A. Y. 845); or the failure of a village to provide safeguards at the place of a dangerous condition in high tension wires (Landy v. New York, New Haven & Hartford R. R. Co., 278 App. Div. 965); or the failure to provide adequate fire department protection or water pressure in pipes to deal with a fire considered in Steits v. City of Beacon (295 N. Y. 51).
“ Therefore, even had the proof established that the fire of February 1, 1955 was due to a defective stove of which the city had knowledge and ought to have taken steps to have corrected or eliminated, no actionable cause would lie.”
Again no authorities or decisions have been brought to the court’s attention which in any way meet the force and effect of the reasoning and legal principles set forth in the foregoing cases and held therein to relieve a municipality of liability upon facts comparable to those involved herein. It would seem to be the settled law in our jurisdiction, if not the universal rule, that a governmental unit incurs no liability to individuals for its failure to prevent violations of law or to take action to abate a nuisance arising therefrom. This being so, the court has no alternative except to hold that neither the second nor third causes of action contained in the complaints herein allege facts sufficient to constitute a basis of liability in favor of the plaintiffs against the defendant city.
Sympathy for the plaintiffs’ grievous loss and regret for the circumstances which led to the tragedy involved may not be permitted to interfere with the court’s duty to determine the questions presented to it upon this motion in accordance with the settled law and public policy of this State. Accordingly, it is the decision of the court that the defendant’s motion should be granted in all respects and that an order may be made and entered in each of the actions herein, dismissing the complaint for failure to state facts sufficient to constitute an action, and the defendant may enter judgment to that effect, without costs.