Francis X. Conlon, J.
The motions on the part of the defendants City of New York and Treburn Realty Corporation to set aside the verdict of the jury of “ liability ” under section 205-a of the General Municipal Law and on the ground that it was contrary to the weight of the evidence and contrary to law under section 549 of the Civil Practice Act are hereby granted.
*564 In reporting its verdict, the jury unanimously and to the exclusion of any other verdict, stated that the verdict of liability was under section 205-a of the General Municipal Law.
At the outset of this trial, a motion was made by the plaintiff Infosino to amend its complaint so as to incorporate the provisions of section 205-a of the General Municipal Law to provide an additional cause of action of said plaintiff against the defendant Treburn Eealty Corporation. In denying the application to amend, this court rendered the following decision: ‘ ‘ The motion by the plaintiff Infosino to amend her complaint so as to incorporate the provisions of section 205-a of the General Municipal Law is denied. Liability imposed under this section is something special and apart from ordinary liability grounded in negligence and requires specific assertion and submission (see Izillo v. Mulkor Warehousing Co., 14 Misc 2d 609). Motion is denied.”
As a result of this decision, the plaintiff Infosino was limited to only one cause of action, common-law negligence, against the Treburn Eealty Corporation. Under the circumstances, the verdict of the jury of ‘ ‘ liability ’ ’ under section 205-a of the General Municipal Law is contrary to law and the verdict as against the Treburn Eealty Corporation must be set aside.
The court specifically charged the jury with respect to section 205-a of the General Municipal Law, and the jury, in reporting its verdict, unanimously found “ liability ” against the Treburn Eealty Corp. only on that basis.
It was the clear intent of the jury to find liability only on the basis of section 205-a. Both in their request for instructions before their verdict and in their actual verdict, they excluded any other theory of liability. The Court of Appeals has stated the law to be that it must be assumed that in reaching its verdict, the jury gave full heed to the instructions of the trial court (Antonsen v. Bay Ridge Sav. Bank, 292 N. Y. 143,146).
The theories of common-law negligence as well as section 205-a of the General Municipal Law were submitted to the jury for their consideration to differentiate, and in rendering its verdict, the jury erred in delivering a verdict contrary to the law in this case.
It is well established that where a case is submitted on two theories of liability and a general verdict is returned, the verdict may not stand if one theory is legally untenable (Thomas v. Central Greyhound Lines, 6 A D 2d 649, 653).
The verdict of the jury, as against the City of New York, must also be set aside. Section 205-a of the General Municipal Law is a special statute enacted for the benefit of injured or deceased firemen or their relatives. Section 205-a of the General Munici *565 pal Law provides: “ In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, wilful or culpable negligence of any person or persons in failing to comply with the requirement of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city government or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omissions, wilful or culpable negligence at the time of such injury or death shall be liable to pay any officer, member, agent, or employee of any fire department injured, or whose life may be lost while in the discharge or performance of any duty imposed by the fire commissioner, fire chief or other superior officer of the fire department, or to pay to the wife and children, or to pay to the parents, or to pay to the brothers and sisters, being the surviving heirs-at-law of any deceased person thus having lost his life, a sum of money, in case of injury to person, not less than one thousand dollars, and in case of death not less than five thousand dollars, such liability to be determined and such sums recovered in an action to be instituted by any person injured or the family or relatives of any person killed as aforesaid.”
Section 205-a of the General Municipal Law is a right of action which is conferred upon the family or relatives of the deceased firemen, and in the considered thinking of this court is directed at property owners, who have violated an ordinance or statute, not at the municipality. The section uses the word “ comply ”. The latter is defined in Black’s Law Dictionary, as applicable here, as “to obey ” or “ as to comply with conditions and regulations. ’ ’ In such context, it is capable of only one construction: that the conditions and regulations are initiated by the State, or its counterpart, the city, and are obeyed and performed by some one other than the State or city. To be specific, the State enacted this law in 1935, amended it in 1936, made no provision as to whom it was directed, but some one other than the municipality must 1‘ comply ’ ’ with the law. In this case before the court, the State enacted the law and so, constructively, it was directed at property owners who have violated a statute or ordinance.
This enactment in 1935 was also an amendment of chapter 761 of the Greater New York Charter (L. 1901, ch. 466). Chapter 761 reads as follows: “§ 761. All hoistways, well-holes, trapdoors, and iron shutters shall be closed at the completion of the • business of each day by the occupant of the building having use or control of the same, and in case of a violation of this provi *566 sion, such occupant having the use or control thereof shall forfeit and pay a penalty of fifty dollars for each and every neglect or omission so to do. And for any accident or injury to life or limb, resulting directly or indirectly from any neglect or omission to properly comply with any of the requirements of this section, the person or persons culpable or negligent in respect thereto shall be liable to pay any officer, agent, or employee of said fire department injured, or whose life may be lost-, while in the discharge or performance of any duty imposed by said commisr sioner, or to the wife and children, or to the parents, or to the brothers and sisters, being the surviving heirs-at-law of any deceased person thus having lost his life, a sum of money, in ease of injury to person, not less than one thousand dollars, and in case of death not less than five thousand dollars, such liability to be determined and such sums recovered in an action to be instituted by any person injured, or the family or relatives of any person killed, as aforesaid; and any or all persons for any fire, resulting from his or their wilful or culpable negligence or criminal intent or design, shall, in addition to the present provision of law for the punishment of persons convicted of arson, be liable in a civil action for the payment of any and all damages to the person and property, the result of such fire, and also for the payment of all costs and expenses of said fire department incurred in and about the use of employees, apparatus, and materials in the extinguishment of any fire resulting from such cause, the amount of such costs and expenses to be fixed by said commissioner, and when collected shall be paid into the relief fund of said department herein created; and shall also be liable for injury to person or loss of life of any officer, agent, or employee of said fire department in the same manner and like extent, and to be sued for in like manner as in the preceding part of this section provided for.”
Chapter 761 of the charter was originally enacted as section 453 of chapter 410 of the Laws of 1882 (see, also, Greater N. Y. Charter with Appendixes, Ann., 1897).
Exclusive of the liability of those responsible for bills, the right of action given under section 761 of the charter was directed at those “ person or persons ” who violated the provisions of the section, i.e., the occupant of the building having the use or control thereof, by reason of their failure to “ comply with” such provisions.
A comparison of section 761 of the charter with the enactment in 1935 (L. 1935, ch. 800) would indicate that there was no extension of liability (parties liable) for failure to “ comply” with Federal and State statutes and municipal ordinances.
*567 It is also well settled that where general words are used in a statute they neither include nor bind the government by whose authority it was enacted where its sovereignty, rights, prerogatives or interest are involved (Denton v. State of New York, 72 App. Div. 248).
It is equally well settled that a statute prescribing in general terms procedural requirements is not applicable to the State or its political subdivisions unless such entities are specifically included in the statute (Uvalde Asphalt Paving Co. v. City of New York, 149 App. Div. 491; Jewish Hosp. of Brooklyn v. “ John Doe ”, 252 App. Div. 581, 582; United States v. Mine Workers, 330 U. S. 258, 275).
Moreover, from the proof adduced during this trial, there has been no evidence of the violation of any statute or ordinance either of the State or city. The record is barren of any violations filed against these premises prior to the time of the accident. The only contention by the plaintiffs as to the culpability of the city is the argument that the latter issued a certificate of occupancy contrary to custom and usage and contrary to what could be considered proper in the exercise of reasonable care. A verdict of “ liability” against the municipality, as rendered by the jury, then, is contrary to law, particularly section 205-a of the General Municipal Law.
Applicable here, too, as contrary to law and contrary to the weight of evidence, are certain aspects of the law which, although generally with reference to common-law negligence, since section 205-a of the General Municipal Law involves violations of statutes and ordinances of a Federal, State or city government, are pertinent.
It is a well-established rule, also, that the City of New York has the duty of properly protecting the citizens of the city against danger and violations of the codes and ordinances of the city. However, it has been consistently recognized in this State that in the performance of governmental functions involving determinations which require the exercise of discretion and judgment and are of a quasi-judicial value, and where because of the lack of such discretion and judgment by an employee of the municipality, an accident occurs, there is no liability against the city.
In Matter of Reid v. City of Niagara Falls (29 Misc 2d 855) the facts were as follows: A fire occurred in the City of Niagara Falls on November 16,1957, resulting in multiple loss of life and injuries for which recovery by way of damages was sought against the city. The deceased and injured were tenants of a building alleged to be a multiple dwelling which burned during the night time. The action consisted of four causes of action:
*568 (1) That the city or its agents was negligent in permitting the owner of the building to erect an addition to the building which shut off an exit, thereby depriving the tenants of a means of escape and that such overt act constituted negligence because the Multiple Residence Law mandated two separate exits for multiple dwellings.
(2) That the city was negligent in failing to enforce the Multiple Residence Law and permitted the owner to maintain a .building not fit for human habitation, a violation of said law.
(3) That the city was negligent in failing to compel or obtain compliance of the building involved with the provisions of the Multiple Residence Law with knowledge of the unsafe and hazardous conditions existing.
(4) That the city was negligent in that its employee or agent issued a permit for the erection of the aforesaid addition to the building involved, which addition would cut off the aforesaid exit.
In that case, the court raised two questions of law: (1) May a municipal corporation be held liable in negligence upon the theory of respondeat superior for the negligence of its officer or agent, the Building Commissioner, in issuing a permit in violation of the Multiple Residence Law? (2) May a municipal corporation be held liable in negligence for the failure of its employees to enforce the provisions of law?
It was the contention of the plaintiffs in the Reid case that under the doctrine of respondeat superior as made applicable to governmental units by section 8 of the Court of Claims Act, the defendant should be held responsible for the alleged negligence of its Building Commissioner. The defendant contended that, even if the Building Commissioner acted negligently, his act constituted the exercise of a quasi-judicial governmental function requiring the exercise of discretion and judgment by the officer involved and that as to this kind of governmental function the common-law rule of immunity of the sovereign was not removed by enactment of section 8 of the Court of Claims Act.
The court concurred with the defendant’s argument and ruled that liability against the city could not be sustained because its common-law immunity in the exercise of this peculiar quasi-judicial function was not waived.
The court also stated in the Reid case that no liability existed against the city because of its failure to enforce the provisions of the Multiple Residence Law (Steitz v. City of Beacon, 295 N. Y. 51; Rivera v. City of Amsterdam, 5 A D 2d 637; Motyka v. City of Amsterdam, 7 AD 2d 760).
*569 The case before the court may be compared because of similarity to the cases cited above. Here, the plaintiffs charge that the City of New York was guilty of negligence in that an agent or employee of the city, the Building Department, permitted a parapet wall to be braced with “ struts ” or tension “ rods ” which were not sufficient to support the wall. They do not contend that there were any violations on record with the Building Department; but that the city through the Building Department, issued a certificate of occupancy .which should not have been issued, and that as a result during the fire, the insufficiently supported parapet wall collapsed. In the court’s considered opinion, the enactment and enforcement of a provision of the Building Code is a governmental function and neglect in enforcing the detailed provisions of such statutes creates no liability. The enforcement of a local ordinance is purely a governmental function and the municipality cannot be held liable for failure to take affirmative action (see Meadows v. Village of Mineola, 190 Misc. 815; Cunningham v. City of Niagara Falls, 242 App. Div. 39).
The predominant purpose of this special statute (General Municipal Law, § 205-a) is to afford additional compensation to the firemen who were injured or to the family of the firemen who were killed. In the light of such purpose, the statute is not penal in nature. Having established (Matter of Reid v. City of Niagara Falls, 29 Misc 2d 855, supra; Steitz v. City of Beacon, 295 N. Y. 51, supra; Rivera v. City of Amsterdam, 5 A D 2d 637, supra; Motyka v. City of Amsterdam, 7 A D 2d 760, supra) that no liability is created against the city for failure to enforce a building code ordinance, and that common-law rule of immunity of the sovereign was not waived or removed so as to hold the city liable, the court has reached the conclusion that it cannot punish the city and hold it liable under section 205-a of the General Municipal Law. As indicated previously, this special section is directed at property owners who have violated an ordinance or statutes, not at the municipality.
Hnder all the circumstances, the motions of the defendants City of New York and Treburn Realty Corporation to set aside the verdict of the jury of liability under section 205-a of the General Municipal Law, and on the ground that it was contrary to the weight of the evidence and contrary to law under section 549 of the Civil Practice Act, are hereby granted, and the complaints herein are dismissed.