■ JOHN SPIEGLER, Individually and as Guardian ad Litem for ROSEMARY SPIEGLER, an Infant, Appellant, v. CITY OF NEW ROCHELLE, Respondent, et al., Defendants.— In a negligence action by an infant plaintiff to recover damages from the City of New Rochelle and others for personal injury suffered by her as a result of being attacked by an unleashed and unmuzzled stray dog while she was walking in a public area of the city, and by her father to recover damages for her medical expenses and for the loss of her services, plaintiffs appeal from an order of the Supreme Court, Westchester County, made January 29, 1963, on reargument, which dismissed the complaint for patent insufficiency as

against the defendant City of New Rochelle (Rules Civ. Prac., rule 106, subd. 4). Order affirmed, without costs, on the opinion rendered by the Special Term (see 39 Misc 2d 720). We add to the Special Term's opinion that we find untenable the plaintiffs' contention that the cause of the infant plaintiff's injury was the city's negligence in its maintenance and operation of a recreation area. While the incident may have occurred within the confines of a recreation area, the fact remains that such area was then being utilized by the infant not for recreation, but merely as a " highway " or passageway between school and home. Moreover, the incident causing the injury was one which could have occurred just as readily on the public highway as in a recreation area. Hence, there was no causal relationship between the injury and the fact that fortuitously it occurred within the confines of the recreation area — even if it be assumed that the incident did occur in the recreation area. Ughetta, Acting P. J., Kleinfeld, Brennan and Rabin, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum: The tort liability of a municipality is, by statute, to be " determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations " (Court of Claims Act, § 8; *Bernardine* v. *City of New York,* 294 N. Y. 361, 365). The statute " admits that in such negligence cases the sovereign ought to and promises that in the future it will voluntarily discharge its moral obligations in the same manner as the citizen is forced to perform a duty which courts and Legislatures have so long held, as to him, to be a legal liability " (*Jackson* v. *State of New York,* 261 N. Y. 134, 138). At common law, an owner or keeper of dogs is liable for personal injury caused by the animals only if he knew or should have known of their vicious propensities (*Quilty* v. *Battie,* 135 N. Y. 201; 3 N. Y. Jur., Animals, § 42, pp. 160–161). If the complaint is construed to impose a duty upon the city to maintain the recreation area in a reasonably safe condition, and if that duty is extended to include a responsibility to bar unleashed and unmuzzled dogs, the complaint is nonetheless deficient, since it fails to allege *scienter* on the part of the city (cf. *Siegel* v. *1536–40 St. John's Place Corp.,* 184 Misc. 1053). If, on the other hand, the complaint is construed to allege a duty on the part of the city to enforce its ordinance, or a statute, or its contract with a third party, for the nonperformance or improper performance of which duty it would be liable for the resulting injuries, the complaint fails to state a cause of action (*Rivera* v. *City of Amsterdam,* 5 A D 2d 637; *Reid* v. *City of Niagara Falls,* 29 Misc 2d 855).