INSTALMENT DEPARTMENT, INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 39348.)

Third Department, May 27, 1964.

*Axelrod & Axelrod* (*Herman S. Axelrod* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Dunton F. Tynan* and *Paxton Blair* of counsel), for respondent.

TAYLOR, J. The Court of Claims has dismissed appellant's claim against the State as not stating facts sufficient to constitute a cause of action. The appeal is from its orders and judgment which effectuated this result.

The claim alleges that claimant, a sales finance corporation licensed under article 11-B of the Banking Law to engage in the business of purchasing obligations represented by retail installment contracts and similar written evidences of indebtedness, sustained damages when the Attorney-General of the State acting through his assistants procured upon a false affidavit ex parte leave to and thereafter maliciously and without probable cause instituted and prosecuted an action against claimant to procure a judgment vacating its charter which resulted in the dismissal of the complaint. It is also alleged

that in the interim between these events the action was further prosecuted by unneedful applications for *pendente lite* relief whose objectives were to coerce claimant into a voluntary and baseless surrender of its charter.

The difficulty in the way of the claim is that the Attorney-General in deciding whether the public interest required that the action be brought, interim statutory procedures invoked and the cause prosecuted to a conclusion acted in a quasi-judicial capacity. (*People* v. *Buffalo Stone & Cement Co.,* 131 N. Y. 140, 143.) The State is not liable under its general waiver of immunity (Court of Claims Act, § 8) for the misconduct of a judicial officer on the theory of *respondeat superior.* (*Koeppe* v. *City of Hudson,* 276 App. Div. 443; *Jameison* v. *State of New York,* 7 A D 2d 944.) A coterminus exception obtains, in our opinion, in the case of the head of the State's Department of Law where, as here, he functioned in a matter committed by law to his control and supervision which necessarily involved the exercise of judgment and discretion. (General Corporation Law, §§ 91, 92, 93, 95; see *Beaudrias* v. *State of New York,* 47 N. Y. S. 2d 509.) A claim asserted against the State without its consent, of course, does not lie.

The judgment and orders should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Judgment and orders affirmed, without costs.