TERRACE HOTEL Co., INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 39895.)

EMANUEL S. BARD et al., as Executors of JONAS BARDOWITZ, Deceased, Appellants, *v.* STATE OF NEW YORK, Respondent. (Claim No. 40075.)

Third Department, May 26, 1966.

24

*Rosen & Rosen* (*George H. Rosen* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Julius L. Sackman* and *Ruth Kessler Toch* of counsel), for respondent.

HERLIHY, J. In 1958 and 1959 the State of New York purported to appropriate permanent easements under section 30 of the Highway Law to prohibit the erection of billboards or other outdoor advertising displays on premises owned by appellants and which abutted Route 17 in Sullivan County. Claimants duly filed damage claims arising from the attempted appropriations. Following the decision of the Court of Appeals in *Schulman* v. *People* (10 N Y 2d 249) holding in respect to an identical easement sought to be imposed upon lands abutting another section of the same highway that the statute did not authorize acquisitions such as were here attempted, the Court of Claims upon motions by the State dismissed the claims " without prejudice to the claimants to file and serve claims they

may deem advisable for damages allegedly sustained by them in connection with the acts of the State of New York referred to herein." Thereafter the instant claims were filed to recover damages for trespass, the creation of a cloud on the title of claimants' real property and expenditures incurred for legal services in the prosecution of the original claims. Following trials on the merits the Court of Claims dismissed the claims essentially upon the grounds that claimants were charged with knowledge that the attempted appropriations were void from their inception and that the exercise of the power of eminent domain by the Superintendent of Public Works was an attribute of sovereignty as to which the State had not waived its immunity under section 8 of the Court of Claims Act (46 Misc 2d 174).

There was no entry by the State on the appellants' premises nor was there any destruction of a property right which can be classified as trespass to real property (i.e. air, light, shade, access, etc.). In short, there was no trespass to the claimants-appellants' premises.

From May 26, 1959 (date of appropriation) to July 7, 1961 (date of *Schulman* decision in the Court of Appeals) the State *may* have caused a loss to appellants in respect to billboards. The appellants had ample protection against the State in that they could have proceeded to have the incumbrance removed from their titles under former article 15 of the Real Property Law (cf. *Schulman* v. *People,* 11 A D 2d 273, revd. 10 N Y 2d 249), or the question could have been determined by the Court of Claims on the original appropriation claims. Procedurally these cases probably should not have been dismissed on the original claims for appropriation but no appeal was taken by the claimants in that proceeding.

In a prior appeal to this court by one of the claimants herein we held that the applicable Statute of Limitations based on the causes of action alleged in the claims was that found in subdivision 3 of section 10 of the Court of Claims Act, said subdivision relating to torts and the claims being grounded on alleged torts. (*Terrace Hotel Co.* v. *State of New York,* 19 A D 2d 434.) The sole issue decided was the timeliness of filing and there was no issue raised regarding the sufficiency of the claim. The claim alleged, *inter alia,* a cause of action for trespass, which is a tort, and on that basis there would be a timely filing.

The Court of Claims has now found that there was no trespass and that there was no damage proven by the claimants-appellants in regard to the cloud on their title and that, in any event, the proof of damages is " based on speculation " and this forms the posture of the case before this court.

There is no precedent which indicates that the preparation and recording of an instrument which is on its face sufficient to convey real property constitutes a trespass on such real property. The long-recognized characterization of such an instrument is "a cloud on title" insofar as it adversely affects another's title to the same premises and the present remedy for determining the validity of such an instrument is found in article 15 of the Real Property Actions and Proceedings Law. (*Schulman* v. *People, supra*.)

The interpretation of a statute or regulation by a public official should not be the basis for such a claim if it is shown that such construction was within the framework of the statute and within the scope of his employment. The majority of this court in *Schulman* (*supra*) were of the opinion that the order of the Superintendent of Public Works was related to his public duty and authority and thereafter three members of the Court of Appeals concurred in such reasoning.

The factual situation as now presented to this court should not be the basis for finding that the Superintendent of Public Works committed a trespass or intentional or other labeled tort, but at most it was an error of judgment in construing section 30 of the Highway Law.

It may be that the claimants-appellants have been caused legal expenses by the State in regard to the original appropriation claims, but even had there been an appropriation they would have had to personally bear such expense (see Court of Claims Act, § 27) and would have been in no better position than at present in view of the fact that they have retained their property rights, and an appropriation award gives only market value.

We do not reach the issue as to waiver of immunity under the Court of Claims Act.

The judgment of dismissal should be affirmed.

GIBSON, P. J. (concurring). Neither claim states a valid cause of action for damages and none exists; and there seems no occasion, and certainly no compulsion, for judicial definition — by an intermediate appellate court at least — of a new or previously unrecognized right to monetary compensation. Basically, there is involved the situation of a cloud on title for which there exists the same equitable remedy under article 15 of the Real Property Actions and Proceedings Law that was successfully pursued in *Schulman* v. *People* (10 N Y 2d 249).

Absent malice or bad faith, neither slander of title nor a comparable form of tortious interference occurred. (33 Am. Jur., Libel and Slander, §§ 346, 348; Ann. 39 ALR 2d 840, Slander

of Title — Recording Instrument; 30 Am. Jur., Interference, § 39.) There may be a taking if the deprivation of use was too long (see *Matter of Comrs. of Palisades Interstate Park,* 216 N. Y. 104), but such is not a tort. Trespass was not committed because there was no physical intrusion, that is, an invasion of the land by a person or thing, without the possessor's consent. (Restatement, Torts 2d, § 158, comment *c*; Prosser, Torts [3d ed.], pp. 69, 73; Harper and James, Law of Torts, §§ 1.5, 1.7; 52 Am. Jur., Trespass, § 13, and generally cf. 6 Nichols, Eminent Domain [3d ed.], § 26.45.)

Additionally, each party is presumed to have known the invalidity of the Superintendent's act and hence claimants' compliance with it must be deemed voluntary. (*Holland* v. *Atlantic Stevedoring Co.,* 210 App. Div. 129, affd. 239 N. Y. 605; *Barrett* v. *State of New York,* 220 N. Y. 423.) Despite the merely seeming inconsistency arising from the fictional nature of the presumption, the Superintendent's mistake was made in good faith and gave rise to no liability on his part (see *Cooper* v. *O'Connor,* 99 F. 2d 135, 138, cert. den. 305 U. S. 643) and hence the State should not respond in damages.

In view of the conclusions stated, the question of the applicability here of the waiver of sovereign immunity is not reached (but cf. *Granger* v. *State of New York,* 14 A D 2d 645).

On the prior appeal (19 A D 2d 434) was submitted only the question of the timeliness of the claim and no issue as to its validity was either presented or determined.

The judgment should be affirmed.

GIBSON, P. J., and REYNOLDS, J., concur with HERLIHY, J.; GIBSON, P. J., concurs in separate opinion in which HERLIHY and REYNOLDS, JJ., concur; TAYLOR, J., dissents and votes to reverse and to grant new trials in the following memorandum, in which AULISI, J., concurs: In our view the imposition of restrictive easements upon the premises of claimants without statutory authority (*Schulman* v. *People,* 10 N Y 2d 249) amounted to unlawful intrusions in the nature of continuing trespasses for the consequences of which the State should be required to respond in damages. (6 Nichols, Eminent Domain [3d ed.], § 28.3, subd. [1]; *Folmsbee* v. *City of Amsterdam,* 142 N. Y. 118, 125; *Village of St. Johnsville* v. *Smith,* 184 N. Y. 341, 345.)

Judgment of dismissal affirmed, without costs.