Angela AMATO, as Administratrix ad Prosequendum of Anthony Amato, Plaintiff,

v.

The CITY OF NEW YORK, Defendant and Third-Party Plaintiff,

v.

R. H. MACY & CO., International Fireworks Co., Inc., John Serpico, Individually and d/b/a International Fireworks Co., Petterson Lighterage and Towing Corporation and the United States of America, Third-Party Defendants.

No. 65 Civ. 2746.

United States District Court
S. D. New York.

June 5, 1967.

Harry H. Lipsig, New York City, for plaintiff; Murray L. Lewis, New York City, of counsel.

J. Lee Rankin, Corp. Counsel, New York City, for defendant and third-party plaintiff; Richard A. Hagen, James M. Carroll, New York City, of counsel.

WYATT, District Judge.

This is a motion by defendant and third party plaintiff The City of New York (the City) for judgment on the pleadings (Fed.R.Civ.P. 12(c)) or in the alternative for summary judgment (Fed. R.Civ.P. 56).

This action was commenced on September 13, 1965 by plaintiff as personal representative of Anthony Amato (decedent). The sole defendant was the City. The complaint asked substantial damages because of the death of decedent, allegedly as the result of an unfortunate accident caused by an explosion on June 23, 1964 in a fireworks barge in the Hudson River. The complaint avers that the City issued a permit to R. H. Macy Co., Inc. (Macy) for a fireworks display on June 23, 1964 and that decedent, a pyrotechnician employed by International Fireworks Co. (International), was injured by an explosion during such display. The charge against the City is negligence in that (a) the permit was wrongfully issued because Macy proposed to set off fireworks "prohibited by law to be discharged or used" within the City, (b) the fireworks barge was not inspected, (c) proper inspectors were not employed, (d) its inspectors were not supervised, (e) the fireworks were "dangerous and unfit for use", etc. The complaint also avers that the fireworks "to be used" by Macy were "prohibited types" and unlawful to be used under Administrative Code of the City of New York (Admin.Code) § C19–42.0.

Jurisdiction is based on diversity of citizenship, plaintiff being described as one who "resides" in New Jersey and defendant being a New York municipal corporation. While an averment of residence is not sufficient as an averment of citizenship, it will be assumed that plaintiff is a citizen of New Jersey and that jurisdiction is proper under 28 U. S.C. § 1332.

A third party complaint was filed by the City bringing in the third party defendants named in the caption and asking for relief over against them in the event the City were held liable to plaintiff. The third party defendants do not seem to be concerned on this motion.

The Penal Law of New York (§ 1894–a), McKinney's Consol.Laws, c. 40 makes it an offense to use or explode any fireworks without a permit granted by a city or other appropriate governmental subdivision. The Penal Law specifies

particular information which must be set forth in the application for a permit.

The permit authority of the City is the Fire Commissioner (the Commissioner). Admin.Code § C19–2.0 (32).

The storage, transportation or sale of certain specified types of fireworks is prohibited by the City. Admin.Code § C19–42.0.

The storage, transportation or sale of any fireworks is unlawful unless a certificate of registration of the name of the manufacturer has been issued by the Commissioner. Admin.Code § C19–41.0.

It appears without dispute that under date of May 26, 1964, the Commissioner issued certificate of registration M42936 covering "International Fireworks Brand" of colored shells, colored lights, showers and Roman candles manufactured by International.

It also appears without dispute that under date of May 27, 1964, Macy filed an application for a fireworks display on June 23, 1964. Examination of the application discloses that it set forth all, or substantially all, of the information required by Penal Law § 1894–a and by the Administrative Code.

It also appears without dispute that the Commissioner under date of June 16, 1964, issued permit M42996 to Macy for the fireworks display. The permit specified that the fireworks were to consist of "set pieces—aerial shells—colored lights Roman candles". The permit was made subject to 11 particular conditions set forth in an attachment to the permit.

■ The State of New York has waived its immunity from liability and has consented to have its liability determined "in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations". Court of Claims Act, § 8. The civil divisions of the State—counties, cities, towns, villages—do not have any independent sovereignty. Thus, when the State waived its immunity, its civil divisions became liable "equally with individuals and private corporations". Bernardine v. City of New York,

294 N.Y. 361, 365, 62 N.E.2d 604, 605, 161 A.L.R. 364 (1945).

■ Based on the language quoted above from Section 8 of the Court of Claims Act, decisions of the New York Courts have established the principle that the State continues to be immune in respect of acts and determinations which are discretionary, or merely administrative, or judicial, or quasi-judicial. The principle evolves because such acts and determinations, made solely as a function of sovereignty, are not comparable to any acts or determinations made by private "individuals or corporations" and therefore are not within the waiver made by Section 8.

Two of the leading cases are Steitz v. City of Beacon, 295 N.Y. 51, 64 N.E.2d 704, 163 A.L.R. 342 (1945) and Weiss v. Fote, 7 N.Y.2d 579, 200 N.Y.S.2d 409, 167 N.E.2d 63 (1960). In the latter, then Judge Fuld said (7 N.Y.2d at 585, 200 N.Y.S.2d at 413, 167 N.E.2d at 67):

"It is proper and necessary to hold municipalities and the State liable for injuries arising out of the day-by-day operations of government—for instance, the garden variety injury resulting from the negligent maintenance of a highway—but to submit to a jury the reasonableness of the lawfully authorized deliberations of executive bodies presents a different question."

An illustration of the principle is found where the Attorney General was charged with damaging claimant by prosecuting an action against claimant on false affidavits and without cause. Dismissal of the claim by the Court of Claims was unanimously sustained by the Appellate Division because the Attorney General had "functioned in a matter committed by law to his control and supervision which necessarily involved the exercise of judgment and discretion". Instalment Department, Inc. v. State, 21 A.D.2d 211, 212, 250 N.Y.S.2d 124, 125 (3d Dept. 1964).

Another illustration is in a case where the Commissioner of Motor Vehicles fail-

ed to revoke a motor vehicle registration when required by statute to do so because the vehicle was uninsured. Claimant was injured by the uninsured vehicle. In ordering dismissal of the claim against the State, the Court said:

"The waiver of immunity by section 8 of the Court of Claims Act which subjects the State to the same liability as individuals or corporations for like acts is of no avail to claimant. The kind of governmental administration provided by this statute is sovereign in character and is completely foreign to any activity which is, or could be, carried on by a private person." Granger v. State, 14 A.D.2d 645, 646, 218 N.Y.S.2d 742, 743–744 (3d Dept. 1961).

In Terrace Hotel Co. v. State, 46 Misc. 2d 174, 259 N.Y.S.2d 553 (Ct.Cl.1965), aff'd, 26 A.D.2d 23, 270 N.Y.S.2d 460 (3d Dept. 1966), a claim was made against the State for damages because the Superintendent of Public Works had attempted to appropriate permanent easements over the land of claimant under supposed authority of a section of the Highway Law. The Court of Appeals had ruled that the Superintendent had no such authority. In ordering dismissal of the claim, the Court said (46 Misc.2d at 178, 259 N.Y.S.2d at 558):

"The act of the Superintendent in question in these cases, was an attempted appropriation, under a misconstruction by said Superintendent of his authority under said section and whose act was determined by the Court of Appeals to be void and a nullity. Since such an act could be performed only by a sovereign, it does not come within the provisions of the Court of Claims Act, Section 8, as construed in Newiadony, supra, and the State has not waived its immunity in this instance. The State, therefore, cannot be held liable for damages resulting from these acts of the Superintendent of Public Works."

Closer to the case at bar is Lockwood v. Village of Buchanan, 18 Misc.2d 862, 182 N.Y.S.2d 754 (Westchester County Ct.1959). There, the Village building inspector had issued a permit for work which plaintiff began to perform and to incur liabilities. The building inspector then revoked the permit. Plaintiff sued for damages by reason of negligence of the building inspector in issuing the permit in the first place. After collecting the cases, the Court (Hopkins, J., now Associate Justice, App.Div., 2d Dept.) ruled that there was no liability, saying in part (18 Misc.2d at 864–865, 182 N.Y.S.2d at 757–758; citations omitted):

"In the execution of governmental functions there are acts performed which have a plain parallel or similarity to acts performed by ordinary citizens for which liability habitually follows, if done by employees in a negligent manner, such as the operation of a motor vehicle, or the maintenance of property. Here, the usual rules applicable to actions based on negligence may be imposed without variation against municipalities.

"That does not hold true where the negligence claimed involves an act which the ordinary citizen would not be called upon to perform, such as the issuance of a building permit, as in the present case. Here, the governmental act itself is concerned, rather than the means of carrying out the function, as in the instances of the operation of an automobile, or the maintenance of property. Grave doubt has consequently been expressed as to whether the imposition of liability in cases involving the exercise of judgment or discretion in an executive or administrative capacity might not have an adverse effect upon a fair and prompt determination by the officer or employee claimed to have made the mistake (cf. 2 Harper and James, Law of Torts, pp. 1638–1642). Judge Learned Hand has said that liability under such circumstances 'would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties'. Gregoire v. Biddle, 2 Cir., 177 F.2d 579, 581.

"Thus, it has been uniformly held that the state or a municipality will

not be responsible for the tortious acts of a judge in the performance of his duties * * *. The same exception to liability has been enforced in other cases concerning the exercise of a quasi-judicial function * * *.

"The granting of a permit is clearly a governmental function * * * requiring the exercise of judgment of a quasi-judicial nature * * *. There is a recognition of that quality of the decision made by a building inspector in issuing permits by the statutory provision mandating the appointment of a zoning board of appeals (sec. 179–b, Village Law), and often his action must necessarily entail the interpretation of the zoning ordinance * * *.

"The defendant may not consequently be held liable for the alleged negligence of its building inspector in issuing the permit."

Even closer to the case at bar is Reid v. City of Niagara Falls, 29 Misc.2d 855, 216 N.Y.S.2d 850 (Sup.Ct.Niagara Co. 1961). Several persons lost their lives in an apartment building subject to the Multiple Residence Law. Suit was brought for their estates against the defendant City on the ground that the Building Commissioner had issued a permit to the owner of the apartment house to build an addition which, in violation of the Multiple Residence Law, shut off a necessary exit. It was charged that the act of the Commissioner was "tortious, willful and unlawful". The Court held that the City of Niagara Falls was not liable because "the judicial reasoning and decisions" upheld its contention "that it has not waived its governmental immunity for the acts or omissions of its agent in the performance of a governmental function, such as the issuance of a building permit, which involves discretionary judgment and is quasi-judicial in nature" (29 Misc.2d at 858, 216 N.Y.S. 2d at 853).

The principle established is applicable to the chief claim made in the complaint and in opposition to this motion, namely, that the Fire Commissioner issued a permit to Macy "in contradiction of law and without authorization" because it authorized Macy to "use in its display fireworks of a nature that was prohibited by law to be so used" (complaint, para. 11).

It is suggested for the City that there is no restriction on the nature or kind of fireworks for the display of which a permit may be issued. Certainly there is no such restriction in the Penal Law of the State, either in Section 1894–a or otherwise. But the Administrative Code of the City of New York does seem to impose such a restriction. It is made unlawful to "use or discharge" certain types of fireworks (§ C19–42.0(b)). It is then made unlawful to use or discharge "any fireworks" without a permit (§ C19–44.0(a)). It would seem to be contemplated that no permit would be issued under § C19–44.0 for use or discharge of those types of fireworks whose use or discharge was flatly made unlawful by § C19–42.0(b).

In any event, it is doubtful, to say the least, that the permit issued in the case at bar covered any prohibited type.

The application stated that the fireworks to be used were those "for which a Certificate of Registration has been issued" and reference was made to M42936 as the number of the Certificate of Registration. The permit provided that the fireworks should consist of specific, named kinds. Neither the certificate nor the permit refers to any type of prohibited fireworks unless "colored shells" in the certificate and "aerial shells" in the permit are the same as the "Bombs and shells" prohibited by Admin. Code § C19–42.0(b). The presumption is that they were different as it would be abnormal and unusual for the Fire Commissioner to issue a permit for any type prohibited by the terms of the Code.

■ Assuming, however, that the permit did include a prohibited type and that its issuance was unlawful, the principle established and supported by the cases cited requires that the immunity of the City be upheld.

Cases such as Landau v. City of New York, 180 N.Y. 48, 72 N.E. 631 (1904) and Melker v. City of New York, 190 N.Y. 481, 83 N.E. 565, 16 L.R.A.,N.S., 621 (1908) deal with the liability of the City for a public nuisance when fireworks are shot off in crowded public streets of a large city. They do not seem applicable to the situation here where the display was from a point in the Hudson River, about 1000 feet offshore. Of course, plaintiff's decedent was not a member of the general public watching the display but was one of five skilled pyrotechnicians handling the fireworks, all of whom held Certificates of Fitness as a "pyrotechnist" (Admin.Code § C19–44.0(g)) issued by the Fire Commissioner after an examination and other proof of qualifications (Admin.Code § C19–14.0).

Plaintiff has submitted Rill v. Chiarella, 50 Misc.2d 105, 269 N.Y.S.2d 736 (Sup.Ct. Westchester Co. 1966) as authority to the contrary. The *Rill* case involved injuries from a fireworks display. There were several defendants. The defendant Village of Tuckahoe was the permit authority. The promoter filed an application for a permit with the Village. The application contained none of the information required by Penal Law § 1894–a, specifically "the lines behind which the audience will be restrained" and that the audience would be "restrained behind lines at least one hundred and fifty feet" from the fireworks. The Village issued the permit. The cause of the injuries was that the crowd was not a safe distance (at least 300 feet in that instance) from the fireworks. The Village was held liable, the Court stressing that the Village issued the permit without any knowledge of the matters required by Penal Law § 1894–a. There was no discussion or citation of any of the decisions referred to above in this opinion. With the greatest deference to the able and distinguished judge who decided the *Rill* case, that case appears, in respect of the Village of Tuckahoe, to have been wrongly decided. There are striking fact differences between the *Rill* case and that at bar, notably that in the case at bar all the required information was supplied in the application and the Fire Commissioner acted with deliberation and prudence, specifying many detailed conditions of the permit. If these fact differences are not sufficient to distinguish *Rill*, then I must decline to follow it as opposed to all other decisions of New York Courts on the point.

The claim against the City on account of the issuance of the permit related to an act done by the City, albeit a sovereign act.

The claim against the City in other respects relates to a failure to act by the City: failure to inspect the barges, failure to supervise, failing to employ proper inspectors, etc.

No provision of the Administrative Code or of other law has been cited, and none has been found, imposing any duty on the City to do the acts it is claimed not to have done. Even if there were a statute imposing on the City some duty to act, there is no liability for failing to act.

■■ The reason the City is not liable for failing to act is not because it is immune as sovereign but because there is no duty owed to any individual plaintiff. "The rule is that, independent of sovereign immunity, a municipality is not liable for failure to supply general police or fire protection  *  *  *". Motyka v. City of Amsterdam, 15 N.Y. 2d 134, 138, 256 N.Y.S.2d 595, 597, 204 N.E.2d 635, 636 (1965). The cases are collected and discussed by Judge Van Voorhis in the *Motyka* opinion, which seems to be the last word from the Court of Appeals of New York. With particular reference to failure of the City to carry out a statutory function, the Appellate Division, First Department, has recently said: " * * * plaintiff seeks to impose liability on the City, merely because the City failed to carry out a statutory function. Unless it can be said that the statute was enacted for the benefit of an individual, no liability may be im-

posed for failure to carry out the statutory function". Whitney v. City of New York, 27 A.D.2d 528, 529, 275 N.Y.S.2d 783, 784 (1966).

The motion is granted. Matters outside the pleadings having been presented to and not excluded by the Court, the motion is treated as one for summary judgment (Fed.R.Civ.P. 12(c), 56) and the Clerk is directed to enter judgment in favor of defendant The City of New York dismissing the action.

So ordered.