■ FRANK FOWLER, Respondent, v TOWN OF TICONDEROGA et al., Appellants.—Levine J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 28, 1986 in Essex County, which partially denied defendants' motion to dismiss the complaint for failure to state a cause of action.

Plaintiff commenced the instant suit alleging that defendant Larry La Pann, Town of Ticonderoga Dog Control Officer,

negligently and maliciously shot and killed his dog. He sought recovery from the Town of Ticonderoga and La Pann, both as a Town Officer and individually, for the monetary value of the dog, the psychic trauma suffered as a result of the dog's death, and punitive damages. Defendants moved to dismiss the complaint for failure to state a cause of action, contending that the Town and its dog control officer were immune from liability since La Pann was statutorily authorized to kill the dog (citing ECL § 11-0529) and in doing so performed a governmental function (citing Court of Claims Act § 8). Defendants also maintained that punitive damages could not be recovered from either the Town or La Pann in his capacity as dog control officer and that damages for psychic trauma could not be recovered for the killing of a dog. Supreme Court dismissed plaintiff's claim for punitive damages as against the Town and La Pann as dog control officer but denied defendants' motion in all other respects. This appeal by defendants ensued.

We are not persuaded by defendants' contention on appeal that the shooting and killing of plaintiff's dog by La Pann as dog control officer was the performance of a governmental function protected by sovereign immunity. The State, its political subdivisions and its officers are immune from liability from conduct which constitutes a *governmental* function, involving the exercise of discretionary or quasi-judicial powers (Court of Claims Act § 8; *Rottkamp v Young,* 21 AD2d 373, 375-377; 2C Warren, Negligence in New York Courts, Municipal Corporations, § 2.03, at 278-299 [3d ed]). Sovereign immunity has been waived, however, with regard to those acts which are not discretionary, administrative or quasi-judicial because they are not a function of sovereignty and are more akin to acts undertaken by private individuals or corporations *(see, Amato v City of New York,* 268 F Supp 705, 707; 2C Warren, Negligence in New York Courts, Municipal Corporations, § 2.03 [3] [d], at 393-399 [3d ed]).

The statutory provision relied upon by defendants as authorizing La Pann as dog control officer in killing plaintiff's dog, ECL § 11-0529 (2), provides that *"any person,* may kill any dog (a) pursuing or killing deer within the Adirondack or Catskill parks" (emphasis supplied). Since the killing of a dog thereunder is not reserved to government officials but may be done by any private individual, the act was not committed in performance of a governmental function to which sovereign immunity still applies.

Moreover, even if La Pann had been performing a governmental function in killing plaintiff's dog pursuant to statutory

authority, sovereign immunity would not bar plaintiff's recovery against the Town or its dog control officer for damages proximately caused by La Pann's negligence in carrying out his duties *(see, Zibbon v Town of Cheektowaga,* 51 AD2d 448, *appeal dismissed* 39 NY2d 1056; 2C Warren, Negligence in New York Courts, Municipal Corporations, § 52.03 [3] [b], at 384-390 [3d ed]). Although a municipality may not be held liable for the failure to provide a governmental service, such as police or fire protection or the control of stray dogs *(Harland Enters. v Commander Oil Corp.,* 97 AD2d 785, *affd* 64 NY2d 708; *Spiegler v City of New Rochelle,* 39 Misc 2d 720, *affd* 19 AD2d 751, *lv denied* 13 NY2d 600; 2C Warren, Negligence in New York Courts, Municipal Corporations, § 8.02, at 432-438 [3d ed]), once such a duty is voluntarily assumed the municipality is liable for its negligent performance *(Zibbon v Town of Cheektowaga, supra;* 2C Warren, Negligence in New York Courts, Municipal Corporations, § 8.03 [2] [a], at 444-445 [3d ed]).

Regarding plaintiff's claim for damages for psychic trauma, a dog is personal property and damages may not be recovered for mental distress caused by its malicious or negligent destruction *(Smith v Palace Transp. Co.,* 142 Misc 93, 94; 1 Harper & James, Torts § 2.6, at 111-112; *cf., Corso v Crawford Dog & Cat Hosp.,* 97 Misc 2d 530, 531). The case of *Bovsun v Sanperi* (61 NY2d 219), relied upon by plaintiff in asserting a contrary conclusion, is inapplicable to the facts here. *Bovsun* involved mental distress suffered by a third person who observed the negligent infliction of bodily injury on a family member when the third person had been in the zone of danger and also received bodily injury *(supra).* Here, although plaintiff may have observed the killing of his dog, he was not in the zone of danger, was not himself physically injured, and the alleged tort involved personal property, not a family member.

Order modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss the claims for damages for psychic trauma; motion granted to that extent and said claims dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.