Clase J. Hoyt, J.
These actions for personal injuries arose from a fireworks exhibition, held on July 7,1962 at the Parkway Oval, a recreational area of some six acres owned by the defendant Town of Eastchester and situate within the corporate limits of the defendant Village of Tuckahoe. The exhibitor was the defendant Joseph Chiarella who contracted with the defendant Tuckahoe Hose Co. No. 1, which promoted the exhibit. At the trial plaintiffs discontinued their action as to the defendants County of Westchester and Westchester County Department of Parks, Recreation and Conservation.
Prior to the exhibition the defendant Tuckahoe Hose Co. No. 1 applied to defendants Village of Tuckahoe, Town of Eastchester, and Eastchester Fire District for permits for the fireworks display. All of these defendants issued permits purportedly pursuant to section 1894-a of the Penal Law upon the deposit with them of a certificate of liability insurance insuring defendants Chiarella, Tuckahoe Hose Co. No. 1 and the defendants called upon to issue the permits. The certificate of insurance in the amount of $100,000/$300,000 for personal injury was issued by an Illinois corporation which became insolvent some months after the exhibition.
The Parkway Oval on the day in question was used for a variety of events sponsored or promoted by the defendant Town of Eastchester’s recreation commission. A ball game and a model airplane contest preceded the fireworks display which was held in the evening. The number in attendance was indicated at between 10,000 and 35,000. This site had been used in the prior year and many years before that for a similar display by the same exhibitor and promoter.
The display was centered in an area on the northerly side of the Oval and barricades were set up by the defendant Town of Eastchester to keep the spectators back from the point where the fireworks were to be set and displayed. There was some conflict in the testimony as to the distance of this barrier from the point of the display. A police officer of the defendant Town *108 of Eastchester estimated the distance at 175 feet. The officer and two other witnesses indicated on a photograph the location of the barriers. An expert called by the plaintiffs estimated that the display was 115 feet, 130 feet (based on the officer’s location) or 140 feet from the barrier, the variance depending on the respective locations placed by these witnesses on the photograph as the site of the barrier. These estimates were based upon a panoramic photograph taken by the expert who used a survey of the premises and related natural boundaries and monuments shown on both the photograph and the survey.
During the exhibition defendant Chiarella ignited a devil’s wheel, a display piece he made himself, fashioned from a wheel which Avas mounted horizontally on a 16-foot pole. Around the perimeter of the wheel were several rockets that were to go off, one after the other, vertically, after which a cluster of six rockets, located around the hub of the wheel were to go off simultaneously, also in a vertical direction. The rockets were so charged that they Avere to explode after traveling some 300 feet. The outer rockets functioned as anticipated. However, one of (he center rockets, instead of going up, pursued a trajectory parallel to the ground and exploded some six feet in the air over (lie area Avhere the plaintiffs were watching the display. The infant plaintiffs were standing or seated on the ground next to their parents who were seated on folding chairs they had brought for that purpose. All were behind the barriers. The injuries sustained, which will be detailed hereinafter, were caused by the explosion of this rocket.
Plaintiffs seek to recover against the defendants on several theories, namely, negligence, trespass, and failure to procure a bond. They claim section 1894-a of the Penal Law requires a bond as a condition to the granting of a permit to exhibit fireworks. Recovery upon the bond, they maintain, requires only proof of injury and causal connection.
First Ave consider the alleged negligence of the respective defendants. We must distinguish the different duties owed to plaintiffs by the various defendants: the operator-exhibitor Avho actually prepared and discharged the fireworks (defendant Chiarella); the promoter of the display who exercised general control over the arrangements for the exhibition (defendant Tuckahoe Hose Co. No. 1); the municipality who owned, operated and controlled the site of the display as a public park (defendant Town of Eastchester); the municipality charged with the duty of issuing the permit under the Penal Law (defendant Village of Tuckahoe); and defendant Eastchester Fire District.
*109 The operator-exhibitor must take care that the fireworks are used ‘ only at such places and under such circumstances as to involve no reasonable chance of their falling on human beings ” (Crowley v. Rochester Fireworks Co., 183 N. Y. 353, 357). Thus he must not discharge the fireworks under his control unless the spectators are a safe distance away. On defendant Chiarella’s testimony a safe distance from the point where he was discharging the fireworks was either 300 to 400 feet or 350 to 450 feet. As previously indicated there were varying estimates as -to the actual distance of the crowd from the point at which the devil’s wheel stood, but at the most it was 175 feet. This is well short of the area of safety as prescribed by the defendant Chiarella. When he detonated the devil’s wheel with this hazardous condition existing, he did so negligently. He must respond to plaintiffs in damages for this neglect.
The question of proximate cause requires no lengthy discussion. On the record, the firecracker expjpded above plaintiffs’ heads some 115 to 175 feet from the point where it was discharged. Even if we adopt the minimum crowd setback suggested by defendant Chiarella of 300 feet, it is clear that the rocket would have spent itself and become harmless somewhere in the 125-foot or more buffer zone between the point of explosion and the point where defendant Chiarella says the crowd should have been. “ The proximate cause of an event must be held to be that which in a natural sequence, unbroken by any new cause, produces that event and without which that event would not have occurred ” (Rider v. Syracuse R. T. Ry. Co., 171 N. Y. 139, 147; emphasis supplied). This unfortunate accident would not have occurred but for the dangerous proximity of the crowd to the fireworks.
The promoter has “ a duty to safeguard the public from these dangerous explosives and that the duty could not be delegated to an independent contractor ” (Kingsland v. Erie County Agrio. Soc., 298 N. Y. 409, 432). This duty requires that the promoter (1) exercise reasonable care to provide the spectators with a safe place to view the exhibition and (2) exercise reasonable care in selecting a person skilled in the exhibition of fireworks (Fireworks Display, Ann. 81 ALR 2d 1207, 1210). Plaintiffs raise no question as to the promoter’s care in selecting defendant Chiarella, so that issue is not before the court. However, there is a substantial question as to whether the promoter met its obligation to provide a safe place for the spectators to view the exhibition. Clearly the place provided was not safe. But was the promoter wanting in reasonable care staging the exhi *110 bition at this location? There is nothing in the record upon which to predicate a finding that the promoter knew that spectators should be kept a distance of 300 feet or more from the display and indeed, nothing in the record indicates the promoter had reason to know that fact because no individual in the promoter organization was shown to be an expert in the preparation and discharge of fireworks. A 1904 case considered this very question and it concluded that the promoter must have actual or constructive knowledge of the danger to be charged with liability (Deyo v. Kingston Cons. R. R. Co., 94 App. Div. 578, 582-583). We think that case is implicitly overruled by Kings-land v. Erie County Agrie. Soc. (supra). The Kingsland case held the promoter chargeable with a nondelegable duty to .safeguard the public. The nature of a nondelegable duty is that the principal must accept the responsibility for the acts of the party employed by him to accomplish that which he cannot delegate (see Engel v. Eureka Club, 137 N. Y. 100,104-105). The Kings-land case involved injury to an infant from the explosion of a piece of fireworks. Nothing in the case indicates that the promoter had any actual or constructive knowledge of the danger that caused the injury. Indeed, in discussing the promoter’s claim for indemnification from the operator-exhibitor, the court characterized its act as “ passive negligence ” (p. 433), and yet it thrust liability on the passively negligent defendant for “failing to perform its nondelegable duty of protecting the public from these dangerous explosives” (p. 433). The promoter in this case, defendant Tuckahoe Hose Co. No. 1, stands on the same footing and must respond to plaintiffs in damages.
Defendant Eastchester Fire District is also charged with neglect. Its liability, if any, must be predicated on a finding that it too was a promoter of the fireworks display. The facts do not support this position. The defendant district took no active part in the planning or preparation of the exhibit. The contract with the operator-exhibitor, defendant Chiarella, was made by defendant Tuckahoe Hose Co. No. 1 and did not name the defendant district as a party. Indeed, the only participation by the defendant district was that some of the collections taken from the spectators at the display were turned over to a fund for the benefit of certain firemen, members of the defendant district, who had been injured in a fire. This is not sufficient to charge the defendant district with the duties of a promoter. The Eastchester Fire District is not liable to plaintiffs.
The duty of the defendant Town of Eastchester is defined by Caldwell v. Village of Is. Park (304 N. Y. 268). The court says *111 (pp. 273-274): “ Liability is imposed for failure to maintain a park in a reasonably safe condition * * * The duty goes beyond the mere maintenance of the physical condition of the park. Although it has been held that strict or immediate supervision need not be provided, the municipality may be obliged to furnish an adequate degree of general supervision * * * That duty of supervision may require the regulation or prevention of such activities of park visitors as endanger others utilizing the park * * * In short, the municipality which extends to its citizens an invitation to enter and use recreational areas owes to those accepting that invitation a duty of reasonable and ordinary care against foreseeable dangers. * * * Ordinary care must be in proportion to the danger to be avoided and the consequences that might reasonably be anticipated from the neglect * * * It must be commensurate with known dangers. ’ ’
The Caldwell court found that the defendant Village of Island Park had notice that some boys were exploding roman candles in the park — that the boys were doing an illegal and dangerous thing — and that Island Park failed to take steps to guard against this known danger. It sustained judgments against Island Park for injuries received by the infant plaintiff when she was struck by an exploding roman candle. The holding then is based upon. active negligence by the defendant Island Park in failing to take steps to guard against a known danger. If plaintiffs must prove active negligence against the defendant Town of Eastchester, they have failed to make out a case. However, if the Town of Eastchester had the same nondelegable duty that the promoter had, then it too is liable.
Judge Coxway wrote both the Kingsland and Caldwell opinions. His exact holding in Kingsland was that “ the owner and operator of the fairgrounds [where the fireworks display was presented], had a duty to safeguard the public from these dangerous explosives and that the duty could not be delegated to an independent contractor” (p. 432). The defendant Agricultural Society in Kingsland was both the promoter of the display and the owner of the site where the exhibition was presented. If the nondelegable duty to protect spectators devolved upon the Agricultural Society solely by reason of its status as a promoter, then the fact that it was the owner of the site is merely incidental, and the duty of an owner, if it be a municipality, will be to avoid active negligence. If, however, the court in Kings-land intended the rule of nondelegable duty to apply to both promoters and owners when a fireworks display is authorized *112 by municipal permit, the Kingsland rule will apply to the Town of Eastchester. Judge Conway’s opinion in Kingsland does not treat this question because it was not before the court. But, the authorities cited to support his statement of the nondelegable duty rule lead compellingly to the conclusion that the court intended the rule to apply to both promoters and owners. All of the eases cited by the court to support this proposition involved property owners who were held liable for the acts of independent contractors. One of these cases, Arnold v. State of New York (163 App. Div. 253) is particularly apposite. An automobile race was held on a tract of land owned by the State and known as the State Fair Grounds. One of the cars left the track during the race and seriously injured plaintiffs. A man named Benjamin was in immediate charge of the race and the State argued that he was an independent contractor and as such, the State was not liable for his neglect. The court held (pp. 262-263): “ Even if Mr. Benjamin * * * was an independent contractor * * * it would not change the result, for it was an independent and actionable act of negligence to permit such a race to be held on such a track owned by the State without reasonable precautions to protect those who had been invited by the State to witness the exhibition and had paid the Státe for the privilege.”[1]
The Arnold case is particularly significant in two respects. First, the party found to have the nondelegable duty to provide a reasonable safe place for spectators was the owner of the site, not the promoter of the event. And second, the owner was also a public corporation. In this posture, it seems, clear that the Kingsland court intended that the nondelegable duty rule apply to a public corporation that owns the site of the fireworks display even if it is not the promoter. Any language to the contrary contained in Be Agramonte v. City of Mount Vernon (112 App. Div. 291) is implicitly overruled by the Kingsland case. The defendant Town of Eastchester is thus liable to plaintiffs for breach of its nondelegable duty to provide a safe place to view the exhibition.
Clearly the Kingsland rule thrusting liability on a municipality for breach of its nondelegable duty to provide the spectators with a safe place to view the exhibition applies only to the owners of the site of the display, in this case defendant Town of Eastchester. However, control of the premises and the responsibilities that attend that control did not devolve solely *113 on the town. By statute (Penal Law, § 1894-a), the defendant Village of Tuekahoe was given a measure of control and charged with a concomitant responsibility with respect to the display.
The owner of the site of the display, if a municipality, and the “ permit authority” (Penal Law, § 1894-a, subd. 1) will normally be one and the same. That is not so here. It is clear from the record that Parkway Oval is owned by defendant Town of Eastchester. However, the park is wholly contained within the geographical confines of defendant Village of Tuekahoe. The ‘ permit authority ’ ’, that is, the agency authorized to grant and issue permits for a public fireworks display, in this case is the defendant village because the park is wholly contained within the geographical confines of the village (Penal Law, § 1894-a, subd. 1, par. [b]).
By the- enactment of this section, the Legislature has proscribed the discharge and display of fireworks, so that precautions will be taken to avoid or minimize the dangers inherent in the indiscriminate use thereof. The statute provides that a permit may be granted by the proper authority upon an application showing, inter alia, “ the exact location planned for the display ”, “ the number and kind of fireworks to be discharged,” and ‘ ‘ a diagram of the grounds on which the display is to be held showing * * the lines behind which the audience will be restrained” (§ 1894-a, subd. 3).
This section requires strict municipal regulation of public fireworks displays and requires that plans for a display be carefully reviewed before a permit be issued. Surely the Legislature did not intend that municipal officials should simply receive and file the detailed information required by the statute and then issue a permit. To the contrary, the statute contemplates that the application will be reviewed and the municipal authority will then determine whether, giving due consideration to public safety, the permit should issue. In the case at bar none of the required information was furnished to the defendant Village of Tuekahoe. The court is not called upon to decide with what care a 11 permit authority ’ ’ must review an application, proper in form and in compliance with the statute, and under what circumstances it may or should reject an application. Here defendant Village of Tuekahoe issued a permit without any knowledge of the kind of fireworks to be displayed, the nature of the display or the restrictions to be imposed on the proximity of the spectators to the display. This was a duty imposed on the permit authority- and its breach makes the municipality liable to the plaintiffs. True, the section requires *114 [1] ‘ that the audience at such display shall be restrained behind lines at least one hundred and fifty feet from the point at which the fireworks are discharged” (Penal Law § 1894-a, subd. 4; emphasis supplied), but this in no sense constitutes a legislative declaration that no municipality can be liable if the crowd barricades are shown on the application for a permit as at least 150 feet from the fireworks. The 150-foot requirement is merely a rough guideline for the municipality to use in considering public safety. The use of the clause “ at least ” to modify the 150-foot requirement is evidence that the Legislature contemplated situations where that measure would not be sufficient to accomplish the desired results. In that circumstance, it is incumbent upon the municipality to find a safe distance before allowing the permit to issue. The complete failure of the defendant village to require compliance with the statute renders it liable to plaintiffs. Had the defendant village fulfilled its duty in complying with the statute to provide a safe area for the spectators, plaintiffs’ injuries would not have been sustained.
At the time of the accident, plaintiffs were seated or standing on a strip of land between Crestwood Lake and the outer boundary of Parkway Oval. This strip of land was owned by the County of Westchester. There is no visible division line between the park lands owned by the defendant town and this strip owned by the county. Indeed the lands are in every respect naturally joined, there being no fence or other barrier to divide them. And it appears that the wooden barriers erected by the defendant town to restrain spectators at the fireworks display continued across the Parkway Oval to a point over and upon the county’s land. The barrier extended in front of the plaintiffs and constituted an invitation for the plaintiffs and other spectators to go anywhere behind it. Whittaker v. Village of Franklinville (265 N. Y. 11) disposes of any question the defendant town might raise as to its liability to persons not within the actual confines of the park. The court passed on the question of whether the fact that plaintiff was in a public street adjoining the park where the fireworks display was held, rather than the park itself, barred her from recovery for injuries caused by an exploding firecracker. It held that no such bar was present, but found against plaintiff for a failure to prove negligence under the rules it applied.[2] The fact that plaintiffs in the instant case were not literally within the confines of the town’s, park when injured is likewise no bar to *115 recovery by them against either municipality. Clearly plaintiffs were spectators at the fireworks display and equally clearly their injury was foreseeable because of their proximity to the place where the fireworks were discharged.
All the parties have accepted without dispute plaintiffs’ contention that the fireworks display (as distinguished from the location of some of the spectators) was held on Parkway Oval, the park owned by the Town of Eastchester. However a portion of the display was set up on county land. Defendant Chiarella testified that the devil’s wheel was set up about six feet from Crestwood Lake. But he pointed out that the entire display extended some 200 feet across from the lake over toward the trees located on Parkway Oval. The majority of the display was thus on town land and the few items that spilled over on county land were simply an extension thereof. Indeed, those municipal witnesses who were questioned about the matter expressed surprise at finding that the entire land area extending up to the lake was not owned by the town. It is apparent that all concerned treated this entire parcel of land, including the county strip, as the town park. The court holds that this minor spillover of the fireworks display from the town park to the county land does not change the legal obligations of either the Town or the Village of Tuckahoe. The town is the owner of the site of the display within the meaning of the Kingsland case and the village is the “permit authority” as defined by section 1894-a (subd. 1, par. [b]) of the Penal Law.
Plaintiffs, by their complaints, also claimed a right to recover for alleged trespasses committed by all defendants in causing the accident. On the argument of posttrial motions, plaintiffs’ attorney abandoned these claims and suggested that the court might dismiss them. They are accordingly dismissed. We note, moreover, that there is nothing in the record to sustain a claim that the intentional tort of trespass has been committed (cf. Miller v. Twiname, 129 App. Div. 623).
There remains for disposition plaintiffs’ claim that failure to procure and file a bond imposes liability on all the municipalities. There was submitted to the permit authority in alleged compliance with section 1894-a of the Penal Law a “ Certificate of Insurance ” issued by the Cosmopolitan Insurance Company of Chicago, Illinois. It certified that all defendants were insured for $100,000/300,000 bodily injury during the period of May 1,1962 to May 1,1963 with respect to a fireworks display to be held on July 7, 1962 at the Parkway Oval by a certain policy of insurance issued by Cosmopolitan. Defendant Chiarella, who placed the insurance with Cosmopolitan, never *116 received the original policy. Attempts were made during the trial to obtain the original policy, but they met with no success. Thereafter the parties stipulated that it was a liability insurance policy.
By order of the Circuit Court of Cook County, Illinois, entered May 1, 1963, the Illinois Director of Insurance was directed to take possession of the property, business and affairs of the Cosmopolitan Insurance Company and to rehabilitate the same in accordance with the Illinois Insurance Code. No evidence was offered as what date prior to that that Cosmopolitan became insolvent and thus the court makes no finding on that question.
Plaintiffs claim a right to recover against all of the named insureds on several bases. Before turning to these contentions, the court holds that liability under these theories is limited to the Village of Tuckahoe. We have established that by reason of the display site being located within the confines of the village, the village is the “permit authority” under section 1894-a of the Penal Law. That statute mandates that “the permit authority shall require an adequate bond ” before granting and issuing a permit for a public display of fireworks (§ 1894-a, subd. 5). No one other than the “permit authority” need meet this requirement, so the wholly gratuitous acts of the defendants Town of Eastchester and Eastchester Fire District in issuing permits do not make them responsible for the mandate of the statute. That responsibility devolves solely upon the village.
Plaintiffs argue first that the village violated section 1894-a by accepting an insurance policy written by a foreign corporation. This has no merit. Such a corporation is subject to suit in New York’s courts and may be served pursuant to the provisions of section 59-a of the Insurance Law (Kaye v. “ Doe ”, 204 Misc. 719). There is no express or implicit provision in section 1894-a requiring the insurer to be a domestic corporation.
Next plaintiffs claim that the village was negligent in accepting insurance from an insolvent company. There is no showing on this record that Cosmopolitan was insolvent either in May of 1962 when the policy was written or on June 11, 1962 when the village issued a permit for the display. And there is no showing that had the village made an investigation - of the affairs of Cosmopolitan during June of 1962, assuming such an investigation was required, that it would have disclosed that Cosmopolitan was insolvent or about to become insolvent. Plaintiffs have failed to sustain their burden of proof on this claim *117 because they have not shown that an investigation, if conducted, would have revealed insolvency.
Finally, plaintiffs argue that subdivision 5 of section 1894-a of the Penal Law requires a bond “ conditioned for the payment of all damages, which may have been caused to a person or persons or to property, by reason of the display so permitted and arising from any acts of the permittee, his agents, employees, contractors or subcontractors ” and thus an injured party need not show that the acts causing his damage were the result of actionable neglect or other fault. In essence, plaintiffs argue that the statute creates a form of strict liability accruing to the benefit of any injured person and the bond must provide for payment upon a simple showing of injury causally related to the fireworks display.
The statute is not clear on this question and the confusion is heightened by the following language in subdivision 5 of section 1894-a: ‘ ‘ The permit authority may accept, in lieu of such bond, an indemnity insurance policy with liability coverage and indemnity protection equivalent to the terms and conditions upon which such bond is predicated and for the purposes herein provided.”
Not all applicants for permits are required to furnish a bond. ‘[1] The permit authority shall require an adequate bond from the applicant therefor, unless it is a state park, county park, city, village or town” (Penal Law, 1894-a, subd. 5). Were it not for the fact that no bond is required where the applicant is one of the several designated municipal corporations, the court would be inclined to hold that the bond requirement, or in lieu thereof an indemnity insurance policy with liability coverage and indemnity protection equivalent to the terms and conditions of the bond, mandates an indemnity contract providing for payment upon proof of only damages and causal connection. This would seem to be the purpose of the Legislature in providing that when a bond is posted it shall be for the benefit of the persons injured who are given the right to maintain an action thereon. However, since no bond or indemnity insurance policy is required when the applicant be a municipality, we can find only that the Legislature by this provision was insuring the financial responsibility or solvency of the applicant, not creating liability absolute. There cannot be two standards of liability, one absolute if the applicant is not a municipality and the other based on negligence if the applicant is a municipality. This coupled with the provision permitting an indemnity insurance policy in lieu of a bond defeats plaintiffs’ claim of liability *118 against the defendant Village of Tuckahoe for failing to have a bond provided.
Moreover, in view of the determination herein that plaintiffs may recover from defendants Chiarella, Tuckahoe Hose Co. No. 1, Town of Eastchester and Village of Tuckahoe for their liability predicated on negligence, the failure of defendant Village of Tuckahoe to secure a bond, predicated on absolute liability, does not result in damages to the plaintiffs.
Having thus determined that the plaintiffs may recover from the defendants Chiarella, Tuckahoe Hose Co. No. 1, Town of Eastchester, and Village of Tuckahoe, a determination must be made of the nature and extent of their injuries and the amount of the recoveries.
The infant plaintiff Clara Ann Rill was seven years old at the time of the accident. The explosion caused severe lacerations of the left eyebrow and lid with a deep corneal abrasion and lateral laceration and iridodialysis, the tearing of the iris at its root. She was confined 5 days in a local hospital and then removed to a New York City hospital where she remained for 10 days. For a short period she had light perception and the eye was not removed with the hope it might improve, although its retention involved the risk of sympathetic ophthalmia. The eye is now completely and permanently sightless. It is somewhat shrunken in size and as the infant grows its appearance will become more unsightly and its removal will be indicated. The pain and suffering incident to this injury, permanent loss of sight and disfigurement resulting therefrom and the future submission to further medical attention entitle this infant plaintiff to a recovery of $75,000 which is hereby awarded her.
The derivative action brought by her father plaintiff Woodrow W. Rill to cover past and future medical and hospital expenses and prosthetic devices entitles him to a recovery of $3,500 which is hereby awarded him.
The plaintiffs Dorothy P. Savage and her son Tracy P. Savage, aged 11 at the time of the accident, were both injured, but neither permanently. The infant had his hair singed and sustained a temporary hearing loss of 15% resulting from ruptured blood vessels of the left eardrum. Plaintiff Dorothy Savage who experienced hearing difficulty before the accident sustained a rupture of the left eardrum with a 22% hearing loss. Within six months plaintiff Tracy’s hearing was normal and plaintiff Dorothy Savage’s hearing had returned to its pretraumatic level. Special damages for medical and hospital expenses incurred by plaintiff Dorothy Savage came to $55 and for plaintiff Tracy Savage to $40.
*119 The court awards to plaintiff Dorothy Savage the sum of $2,000 for her personal injuries, the sum of $1,500 to Hugh M. Savage as guardian of the infant plaintiff Tracy Savage, and the sum of $100 to Hugh M. Savage individually on the derivative action brought for his wife’s injuries and a like sum of $100 to him on the derivative action brought for his son’s injuries.
Finally we turn to the cross claims of the defendant Tuckahoe Hose Co. No. 1 against defendant Chiarella and that of defendant Village of Tuckahoe against all other defendants.
Clearly the liability of defendant Tuckahoe Hose Co. No. 1 is predicated upon the acts and knowledge of defendant Chiarella and derives solely from a breach of its nondelegable duty. The Hose Company’s acts were no more than passive negligence ” (Kingstand v. Erie County Agric. Soc., 298 N. Y. 409, 433) and accordingly it is entitled to recover on the theory of common-law indemnity from the actively negligent defendant Chiarella (McFall v. Compagnie Maritime Belge, 304 N. Y. 314).
The defendant village stands on a different footing. Its omission in completely failing to require compliance with section 1894-a of the Penal Law constitutes active negligence. Either a fault of omission or one of commission may constitute active negligence (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447). A right to implied indemnity does not exist if a defendant’s conduct was actively negligent (Bush Term. Bldgs. Co. v. Luckenbach S.S. Co., 9 N Y 2d 426). Accordingly the cross claims of the defendant village are dismissed.

. The payment or charging of an admission price for the use of the facilities is not material (Caldwell v. Village of Is. Park, 304 N. Y. 268, 274).

. The holding of the Whittaker court with respect to the duties of the municipality as to fireworks displays is implicitly overruled by the ICina stand ease (supra).