Shari Calnero Formal Opinion Counsel No. 2004-F7 Board of Hudson River-Black River Regulating District 350 Northern Boulevard Albany, NY 12204
Dear Ms. Calnero:
You have asked which entity is the proper authority to issue a permit for a public fireworks display pursuant to Penal Law §405.00 on land administered by the Hudson River-Black River Regulating District under its Access Permit System. We conclude that the municipality in which the subject property is located is the proper "permit authority" under Penal Law § 405.00.
BACKGROUND
The Regulating District
The Hudson River-Black River Regulating District ("the Regulating District") is a public corporation created pursuant to Article 15, Title 21 of the Environmental Conservation Law (hereinafter "ECL") to regulate the flow of the Hudson River and Black River, primarily for the purpose of flood control. The District is administered by a Board appointed by the Governor. ECL § 15-2105. Pursuant to statute, the Regulating District may acquire real property for its statutory purposes, and title to property so acquired is taken in the name of the State. Id. §§ 15-2101(1), 15-2111(1),(8). The Regulating District is responsible for the payment of local real property taxes on the property it acquires.Id. § 15-2115. You have informed us that police and fire protection for District property is provided by the municipality in which the District property is located.
One of the reservoirs operated by the District is the Great Sacandaga Reservoir. Under an Access Permit System, the Regulating District makes segments of the shoreline owned by the District available for private use. See 6 N.Y.C.R.R. Part 606. The District issues annual commercial and non-commercial permits to neighboring landowners that entitle the landowners to use designated sections of the Reservoir area. See 6 N.Y.C.R.R. § 606.25. The permit system evolved from perpetual rights of access that the original landowners retained as a condition of sale when they sold their land for construction of the Reservoir. See Hudson River-Black River Regulating District, Rules and Regulations Governing Use by Permit Holders of State-owned Property at Great Sacandaga Lake 2 (1993). Permit holders pay annual fees to the District. See
6 N.Y.C.R.R. §§ 606.65-606.69. The Regulating District has enacted regulations governing the use of the access area by permittees.See, e.g., 6 N.Y.C.R.R. §§ 606.15-606.17 (sanitary rules); id. § 606.39 (maintenance of area by permittee); id. § 606.41 (structures).[1]
You have explained that the Regulating District has been approached by citizens who have expressed public safety concerns with respect to fireworks displays that occur periodically on an access permit area in the Town of Northampton in Fulton County. The question has arisen as to whether the Regulating District is the "permit authority" with authority to issue a permit for such fireworks displays under Penal Law § 405.00.
Statutes Governing Public Fireworks Displays
It is illegal to possess and use fireworks in New York except where a specific statutory exemption applies. Penal Law §270.00(2)(b)(i). The illegal possession and use of fireworks constitutes a violation. Id. The statutory exemptions include the possession and use of certain signaling devices and blasting explosives, certain devices used in theater or television or for signal purposes in athletic sports, and use by the state and federal military departments. Id. § 270.00(3). An exemption is also provided for public fireworks displays for which a permit is obtained pursuant to Penal Law § 405.00. See id. § 270.00(2)(b)(I); id. § 270.00(3).
Under Penal Law § 405.00, municipalities, fair associations, amusement parks or organizations of individuals may apply to a "permit authority" for a permit to sponsor a public fireworks display. See Penal Law § 405.00(2). State law establishes the minimum safety standards for public fireworks displays, which standards govern the location of discharge in relation to buildings, highways, railroads, telephone lines, trees and other overhead obstructions, the location of restraining lines for the audience, the manner of discharge and other subjects. Id. § 405.00(3). The permit application must demonstrate compliance with these requirements. Id. The application must include additional information, including the location of the fireworks display, information regarding the persons who will be discharging the fireworks, the number and type of fireworks to be discharged, the manner and place of storage of fireworks, a diagram indicating the place of discharge and all relevant structures, as well as "[s]uch other information as the permit authority may deem necessary to protect persons or property." Id. § 405.00(2)(a)-(h). A bond or indemnity insurance is also required to cover any damage to persons or property caused by the fireworks display. See id. § 405.00(4).
At issue here is which entity qualifies as a "permit authority" for purposes of this fireworks permitting scheme. "Permit authority" is defined as
 the agency authorized to grant and issue the permits provided in this section, which agency in the territory within a state park shall be the state agency having custody and control thereof, in the territory within a county park shall be the county park commission, or such other agency having jurisdiction, control and/or operation of the parks or parkways within which any fireworks are to be displayed, in a city shall be the duly constituted licensing agency thereof and, in the absence of such agency, shall be an officer designated for the purpose by the legislative body thereof, in a village shall be an officer designated for the purpose by the board of trustees thereof and in the territory of a town outside of villages shall be an officer designated for the purpose by the town board thereof.
Penal Law § 405.00(1).
ANALYSIS
You have asked whether the Regulating District would be considered the permit authority under Penal Law § 405.00 for a public fireworks display to be held on District land for which the District has issued an access permit, and if not, who the proper permitting authority would be.
The statute defines the proper "permit authority" in terms of the territorial jurisdiction of the property on which the public fireworks display is to be held, by directing that the "permit authority" of "a state park, county park, city, village or town" may grant a permit. Penal Law § 405.00(2). For territory in a state park, the "permit authority" is the state agency having custody and control of the park, and for territory in a county park, it is the county park commission or other agency having custody and control of the county park. Penal Law § 405.00(1). For territory outside a state or county park, the permit authority is a city official for territory in a city, a village official for territory in a village, and a town official for territory in a town outside of any village. Id. By its terms, this definition does not cover the Regulating District, which is neither a state agency having custody and control of a state park nor, obviously, a county park commission or a city, village or town.
Nor do we find any basis for interpreting the definition of "permit authority" broadly so to include the Regulating District. The purpose of the fireworks permit system is to ensure that authorized public fireworks displays are held in a manner that does not jeopardize public safety. Indeed, the enactment of the general ban on fireworks in the State and the limited authority for regulated public fireworks displays was prompted by accidents and injuries that had occurred from the unregulated use of fireworks. See Bill Jacket for ch. 387 (1940), at 4, 13, 18, 34, 48-50. Further, the criteria for granting a permit is geared toward public safety considerations. See Penal Law § 405.00(2), (3). As noted, the permit authority may require additional information in the permit application as it "may deem necessary to protect persons or property." Id. § 405.00(2)(h). These factors indicate that the Legislature intended the permit authority to be the governmental body with authority over public safety matters on the property on which the display will occur. The governmental body in charge of police and fire protection for that territory will be in the best position to determine whether and under what conditions a public fireworks display can safely be held.
As noted, you have explained that the municipality in which the Regulating District's property is located is responsible for providing police and fire protection for that property. The Regulating District does not have its own public safety personnel. Nor does the District's enabling act expressly grant the District authority to provide public safety services on its property. Thus, the purpose of the permitting scheme would not be served by interpreting the definition of "permit authority" broadly to include the Regulating District with respect to fireworks displays that occur on its property.
The legislative history of the definition of "permit authority" also indicates that a narrow construction of the definition was intended. In 1941, just one year after the statute was enacted, the reference to "the county park commission, or such other agency having jurisdiction, control and/or operation of the parks or parkways within which any fireworks are to be displayed" was added. See Law 1941, ch. 731 (amending former Penal Law § 1894-a). The amendment, enacted at the request of the Westchester County Board of Supervisors, was intended to ensure that county park commissions or similar county agencies would have authority to issue a permit for displays in county parks since the original definition contained no reference to county parks. See Memorandum of Chair, Committee on Legislation of the Westchester County Board of Supervisors (April 14, 1941), reprinted in Bill Jacket to ch. 731, at 4 (1941). That the Legislature found it necessary to amend the statute in this manner indicates that it intended a narrow definition of "permit authority" to include only the entities specifically listed therein.
Based upon the plain language of the statute, its purpose and legislative history, we therefore believe that the Regulating District is not the proper "permit authority" for purposes of issuing a permit for a public fireworks display under Penal Law §405.00.
You have indicated that much of the Regulating District's property in the Great Sacandaga Reservoir is in the Adirondack Park, and therefore a question has arisen as to whether the Adirondack Park Agency would be the permit authority for District property. We do not believe the reference in the definition of "permit authority" to the state agency having custody and control of a state park was intended to include an agency like the Adirondack Park Agency or a park like the Adirondack Park. The Adirondack Park is not a traditional state recreational park over which the State exercises full ownership, custody and control. Rather, the Adirondack Park is a geographical area that includes both state and private lands. See Environmental Conservation Law § 9-0101(1) (definition of Adirondack Park). Moreover, the Adirondack Park Agency serves a regulatory oversight function with respect to land use and development in the Adirondack Park and does not exercise direct "custody and control" over state or private lands in the Park[2].See Executive Law art. 27 (Adirondack Park Agency). Thus, the Adirondack Park Agency is not the type of "state agency" having custody and control of a state park within the meaning of Penal Law § 405.00.
This conclusion is confirmed by the original definition of "permit authority" in the predecessor statute to Penal Law § 405.00, which with respect to state parks referred to the "regional state park commissions." This language clarifies that the reference to state parks was intended only to include the state recreational parks,i.e., the state-owned and -controlled parks under the jurisdiction of these commissions. The reference in section 405.00(1) to "regional state park commissions" was changed to the present reference to "state agency having custody and control" of the park in 1972 when jurisdiction over the regional state parks was transferred from the regional state park commissions to the Office of Parks, Recreation and Historic Preservation. See Parks, Recreation and Historic Preservation Law § 13.01 (enacted by Law 1972, ch. 660). There is no evidence that the amended language was intended to expand the definition of "state park" to include the Adirondack Park, a geographic region that includes both state and private lands. We thus conclude that the Adirondack Park Agency is not the agency with authority to issue a fireworks permit under Penal Law § 405.00. Because the District's property in the Great Sacandaga Reservoir is not located in a state or county park, we believe the city, town or village in which the subject property lies is the proper permit authority under the express terms of the statute.
This conclusion is not inconsistent with the fact that the property is owned by the Regulating District. The relevant consideration for purposes of determining who is responsible for issuing the Penal Law § 405.00 permit is the jurisdictionalterritory in which the property is located, not the ownership of the property. Thus, in Rill v. Chiarella, 50 Misc.2d 105
(Sup.Ct. Westchester County 1966), rev'd on other grounds,30 A.D.2d 852 (2d Dep't 1968), aff'd, 25 N.Y.2d 702 (1969), the court held both the town and village liable in tort for injuries that occurred from a public fireworks display. The town's liability stemmed from its ownership of the park in which the fireworks display was held and its control over the fireworks display. The village's liability stemmed from its responsibility to issue a permit for the display because the town park was located within the geographical boundaries of the village. The court specifically held that the village was the only appropriate permit authority under the predecessor statute to Penal Law § 405.00.[3] The rationale of Rill applies here. The fact that the access area is owned by the Regulating District does not negate the town's role as the proper permit authority under Penal Law § 405. The touchstone is not ownership of the property, but municipal jurisdiction.
CONCLUSION
We conclude that the Hudson River-Black River Regulating District is not the permit authority authorized to issue a permit under Penal Law § 405.00 for a public fireworks display on District property subject to an access permit. Rather, the city, town or village in which the property is located is the proper permit authority.
Very truly yours,
ELIOT SPITZER, Attorney General
[1] Regulations enacted by the Regulating District are subject to approval by the Department of Environmental Conservation. See ECL § 15-2109(1).
[2] The Department of Environmental Conservation manages state parks in the Adirondack Park region. See ECL §§ 9-0105(2), 41-0101.
[3] Although the Appellate Division reversed the judgment against the village, it did so on the ground that the proof was insufficient to establish that the village's failure to require compliance with the statutory criteria when issuing the permit was the proximate cause of the injuries. See 30 A.D.2d at 852. Thus, the Appellate Division did not eschew the trial court's conclusion that the village was the proper permit authority.