Informal Opinion No. 2011-8 Guy K. Krogh Town Attorney Town of Caroline Thaler Thaler 309 North Tioga Street P.O. Box 266 Ithaca, New York 14851-0266
Dear Mr. Krogh:
You have requested an opinion concerning several questions about the procedure for considering applications for fireworks permits under Penal Law §§ 270.00 and 405.00.[1] Penal Law § 270.00(2) prohibits the sale, possession, or use of fireworks without a permit. And Penal Law § 405.00 governs the issuance of permits for displays of fireworks. In pertinent part, it authorizes the "permit authority" of a local government to issue permits for fireworks displays under specified circumstances. Penal Law § 405.00(1)-(4). It specifies the contents of the application for a permit, including "[s]uch other information as the permit authority may deem necessary to protect persons or property," as well as the contents of the permit itself.Id. § 405.00(2), (3). It provides that applications for permits for the display of fireworks "shall be made at least five days in advance" of the date of the display. Id. § 405.00(3). Finally, it provides that "[a]ll local ordinances regulating or prohibiting the display of fireworks" are superseded by its provisions.[2]Id. § 405.00(5). *Page 2 
1. First, you ask whether the Town must issue a permit when the applicant meets the permit requirements outlined by statute and regulation, or whether the Town has discretion to deny a permit.[3] We are of the opinion that the text and structure of the statute make approval and issuance of a fireworks display permit a discretionary act rather than a ministerial one mandated as a consequence of the successful completion of an application. The Legislature consistently used the term "may" rather than "shall" in connection with the issuance of a permit for the display of fireworks. Penal Law § 405.00(2) provides that the permit authority "may" grant a permit for the display of fireworks. Penal Law § 405.00(3) provides that the Town "may" provide for approval of a permit by "the head of the police or fire department or both where there are such departments." In contrast, the Legislature used the term "shall" elsewhere in the same subdivisions of the statute, providing, for example, that the application and the permit "shall" contain certain information. Thus, the statutory text shows that the Legislature intended to distinguish between those provisions that must occur and those in which the Town or the permit authority has discretion.
Further support for this conclusion can be found in the provision for authorizing approval of permit applications by the fire chief and the police chief . If no exercise of discretion were required, review by these additional town officers would be superfluous.
Finally, this conclusion accords with established principles of common law. The power to grant a license necessarily implies the power to withhold it for good cause. Matter of Barton TruckingCorp. v. O'Connell, 7 N.Y.2d 299, 307 (1959); People ex rel.Schwab v. Grant, 81 Sickels 473, 481 (1891); Maytum v.Nelson, 53 A.D.2d 221, 227 (4th Dep't 1976). "A power to grant a privilege to one is inconsistent with the possession on the part of another of an absolute right to exercise such privilege. The requirement that a person must secure leave from some one to entitle him to exercise a right, carries with it, by natural implication, a discretion on the part of the other to refuse to grant it, if, in his judgment, it is improper or unwise to give the required consent." Schwab, 81 Sickels at 481. InRill v. Chiarella, 50 Misc. 2d 105 (Sup. Ct., Westchester Co. 1966), modified on other grounds, 30 A.D.2d 852 (2d Dep't 1968), aff'd, 25 N.Y.2d 702 (1969), the court stated that the fireworks permitting statute "requires that plans for a display be carefully reviewed before a permit be issued. Surely the Legislature did not intend that municipal officials should simply receive and file the detailed information required by the statute and then issue a permit. To the contrary, the statute contemplates that the application will be reviewed and the municipal authority *Page 3 
will then determine whether, giving due consideration to public safety, the permit should issue." 50 Misc. 2d at 113.
2. You also have asked whether, in light of the provision that "[a]ll applications for permits for the display of fireworks shall be made at least five days in advance of the date of the display," Penal Law § 405.00(3), the permit authority must review and decide the permit application within those five days. We believe that while the statute contemplates that five days will ordinarily be enough time for consideration of an application, the statute does not command the authority to take action within five days. Instead, because a permit is required for a display, the failure of the agency to grant a permit by the time of the planned display effectively functions as a denial of the application. An applicant with a complicated application or a display scheduled in a particularly busy season will have an interest in filing a complete application well in advance of the scheduled display, in order to give the permit authority the time it may need to consider the application.
3. You have also asked whether the Town has the authority to impose additional permitting requirements relating to, for example, permissible locations for firing and event safety, as a result of its statutory authority to include in the permit application "[s]uch other information as the permit authority may deem necessary to protect persons or property." Penal Law § 405.00(2)(g). We are of the opinion that the authority to gather such additional information does not constitute authority for the Town to impose any additional permitting requirements beyond those imposed by state law.
The principal reason for this conclusion is that Penal Law § 405.00(5) expressly supersedes "[a]ll local ordinances regulating or prohibiting the display of fireworks," and not merely those which are inconsistent with state law. This express statutory language should be sufficient to answer the question, but there is more. Because, as noted earlier, the Town is not the same entity as the "permit authority," giving the permit authority the power to gather additional information seems an implausible and indirect way to give the Town the power to impose additional requirements on applicants.
Moreover, there is no necessary logical connection between the power to gather additional information from applicants and the power to impose additional requirements on them. It may often happen that the information required of an applicant by statute is insufficient to enable the permit authority to make a well-informed and sound decision with respect to the requirements imposed by law. For example, Penal Law § 405.00(2)(a) requires an applicant to provide the "name of the body sponsoring the display and the names of the persons actually to be in charge of the firing of the display," but the permit authority might find it helpful to have other contact information, such as a phone number and address for the sponsoring body and the fireworks operator, or for assistants helping the primary operator. Penal Law *Page 4 
§ 405.00(2)(b) requires an applicant to provide the date and time of day of the proposed display, and Penal Law § 405.00(2)(e) requires the location of pre-display storage of fireworks; the permit authority might find it helpful to have, in addition, a rain or wind date and time, and the location of storage of fireworks in the event the display is postponed due to wind or rain. Penal Law § 405.00(3-a) provides that a permit cannot be issued for a fireworks display on property with a boundary within 500 yards of property owned, leased, or operated by a horse breeder, but the statutorily-required application information does not include a question addressing this issue, and the permit authority might reasonably request such information. Penal Law § 405.00(4) provides that the permit authority must require a bond or insurance policy of at least one million dollars before issuing a permit, but the information in the application as provided by statute does not request proof of such a bond or policy. By requesting such information, the permit authority imposes no additional requirements, but simply acquires the information necessary for a decision with respect to existing requirements.[4]
4. Finally, you have asked whether the Town can use its authority to supersede provisions of the Town Law, under Municipal Home Rule Law § 10, to implement a permitting system and add to or deviate from the permit rules established by the State. We are of the opinion that the Town cannot do so. Municipal Home Rule Law § 10(1)(ii)(d)(3) authorizes a town to supersede provisions of the Town Law relating to the property, affairs or government of the town or to other matters in relation to which and to the extent to which it is authorized to adopt local laws by section 10. This authority to supersede provisions of the Town Law does not include the authority to supersede provisions of the Penal Law, and thus does not include the authority to supersede the fireworks permitting system established in the Penal Law.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] You say that these questions arise from the 2009 amendment to the fireworks permitting laws, but in fact the questions you ask are governed by provisions of the statute that were not changed in 2009. The 2009 amendments added "persons" to the list of possible permit applicants, which formerly included only organizations, and removed the limitation of permits to "public" displays; it did not alter the procedure for considering applications, which is the subject of your questions. Act of Apr. 7, 2009, ch. 57, Part CC, § 21, 2009 McKinney's N.Y. Laws 235, 282-294.
[2] Penal Law § 405.00(5) provides one narrow exception, allowing every city, town, or village to enact ordinances or local laws regulating or prohibiting the use, or the storage, transportation, or sale for use, of fireworks in the preparation for or in connection with television broadcasts.
[3] Strictly speaking, the decision to issue or deny a permit is not made by "the Town" but by the Town's "permit authority," defined by section 405.00(1) as "an officer designated for the purpose by the town board."
[4] The fireworks operator must comply with regulations promulgated by the Commissioner of Labor, including with respect to the "actual point at which the fireworks are to be fired," Penal Law § 405.00(3), and the display must be conducted in compliance with standards set by the National Fire Protection Association. 12 N.Y.C.R.R. § 61-2.8(b). *Page 1